IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

SAUK VALLEY BANK,                    )
                                     )
                  Plaintiff,         )
                                     )
     v.                              )    No.  09 C 2144
                                     )
ROBERT BORCHARDT, et al.,            )
                                     )
                  Defendants.        )

                     MEMORANDUM OPINION AND ORDER

     Robert Borchardt ("Borchardt") has filed his Answer and Affirmative Defenses ("ADs") to the Complaint brought by Sauk Valley Bank ("Sauk Valley") against Borchardt and his codefendant Michael Deutsch ("Deutsch").  This memorandum opinion and order is issued sua sponte because a number of problematic aspects of that responsive pleading clearly call for a do-over.

     To begin with, Borchardt's counsel invariably couples what may be perfectly appropriate disclaimers under Fed. R. Civ. P. ("Rule") 8(b)(5)[1] with the assertion "and therefore denies same" or its equivalent (Answer ¶¶1, 3, 9, 11, 16, 17 and 19-23).[2] That is course oxymoronic--how can a party that asserts

---

[1] This opinion should not, however, be misunderstood as reflecting any substantive determination either way regarding the propriety of any of those disclaimers.

[2] Although in this and other listings this Court has sought to be comprehensive, it is entirely possible that its run-through of the Answer may have missed reference to some paragraphs.  It is the responsibility of Borchardt's counsel, not this Court as a sort of pleading policeman, to correct the errors identified here wherever they occur.

(presumably in good faith) that he lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?  Accordingly the quoted phrase and its equivalents are stricken throughout the Answer.

Next, Borchardt's counsel regularly fails to answer the allegations in Sauk Valley's Complaint about the content of documents (a violation of Rule 8(b)(1)(B)), preferring instead to assert that each document "speaks for itself" (Answer ¶¶9-13, 15 and 19-22).  Not so--see App. ¶3 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  All of those responses are therefore stricken as well.

Finally in connection with the Answer, Borchardt's counsel evades the mandate of Rule 8(b)(1)(B) by setting out a number of assertions that the authenticity of several Exhibits to the Complaint is disputed "at this time" (Answer ¶¶10, 12, 13 and 19-22).  It is really bogus to advance such a dispute as to a document that Borchardt has admittedly signed--unless of course there is a good faith basis for a suspicion that some alteration of document pages has taken place--on the premise that pages of the document other than the signature page were not initialed.  Both Borchardt and his counsel must do a better job of compliance with the objective good faith requirements of Rule 11(b).

Finally, two of Borchardt's three ADs are problematic at best.  Here are the difficulties they face:

1. Except for some missing Complaint Exhibit pages identified in AD 1, that AD itself is subject to the same objection just identified as to Borchardt's challenge to documentary authenticity. Hence AD 1 is stricken except for its paragraphs 4, 5 and 6.

2. AD 3--the equivalent of a Rule 12(b)(6) challenge to the Complaint--is inconsistent with Borchardt's obligation to accept the well pleaded allegations of the Complaint as true. That AD is stricken as well.

Because the errors identified here are so pervasive, it would be counterproductive for this Court to require a mere amendment to the Answer, something that would compel the reader to flip back and forth between two responsive pleadings. Consequently the Answer and ADs are stricken in their entirety, with leave granted to Borchardt to file a self-contained Amended Answer and ADs on or before July 6, 2009.

No charge is to be made to Borchardt by his counsel for the added work and expense incurred in correcting counsel's errors. Borchardt's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 23, 2009